UNITED STATES DISCTRICT COURT
for the
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Cynthia West )
104 Sierra Drive )
Rineyville, KY 40162 )
)
          Plaintiff )
)
       V. )
)
) Civil Action No.:   1:19-cv-179-GNS
)
Scotty's Contracting and Stone, LLC )
2300 Barren River Road )
P.O. Box 4500 Bowling Green, KY 42102 )
)
Serve via Registered Agent for Service of Process: )
Rodney England )
2300 Barren River Road )
P.O. Box 4500 )
Bowling Green, KY 42102 )
)
       Defendant )

> COMPLAINT FOR VIOLATIONS OF:
>
> EQUAL PAY ACT OF 1963
>
> [JURY TRIAL DEMANDED]

---

## COMPLAINT FOR VIOLATIONS OF EQUAL PAY ACT OF 1963, 29 U.S.C. § 206(d)(1)

---

Comes now the Plaintiff, Cynthia West, by and through counsel and for her Complaint

against Scotty's Contracting & Stone, LLC, a Kentucky limited liability company, the

Defendant, states and pleads as follows:

Plaintiff Cynthia West, 104 Sierra Drive, Rineyville, Kentucky 40162, allege the following:

## NATURE OF THE ACTION

1. This is an action for relief from employment discrimination in violation of the Equal Pay Act of 1963. This is a federal question.

2. Plaintiff alleges that Defendant, Scotty's Contracting & Stone, LLC and John (or Jane Does 1-10 (Collectively, the "Defendants") unlawfully discriminated against her regarding her compensation, benefits, work opportunities, pay and other compensation based on her sex.

3. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violation of their rights

## II. THE PARTIES

4. Plaintiff, Cynthia West, is a female equipment operator who worked running heavy equipment for Scotty's Contracting & Stone, LLC from April 15, 2013 to the present. Scotty's repaves roads.

5. Upon information and belief, Defendant Scotty's Contracting & Stone, LLC is a Kentucky corporation, having offices all over the state of Kentucky, employing more

than 500 individuals.  Defendant Scotty's is headquartered in Bowling Green, in the state

of Kentucky, but the office where Ms. West was employed was located in Elizabethtown,

in Hardin County Kentucky, and most of the events that form the core nucleus of

operative facts took place in Hardin County, Kentucky.

6.  At all times relevant to this complaint, Defendant Scotty's Contracting & Stone, LLC had

at least fifteen employees, and was therefore an "employer" within the meaning of Title

VII.

7.  Defendant Scotty's was also an "employer" within the meaning of the Equal Pay Act.

8.  Upon information and belief, Defendant Scotty's is a statewide company that maintains

offices throughout the state of Kentucky.  However, the Plaintiff, Cynthia West was

employed through the Elizabethtown, Kentucky office.  It is through that work that she

was paid less than men for jobs requiring the same skill, effort, responsibility and

working conditions.

9.  Defendant Scotty's is liable for the acts of its agents and employees set forth below.

10. Plaintiffs are informed and believe and thereon allege that at all times relevant herein,

each of the Defendant Does 1-10 were responsible in some manner for the occurrences

and injuries alleged in the complaint.  Their names and capacities are currently unknown

to Plaintiff.  Plaintiff will amend this complaint to show such true names and capacities

when the same have been ascertained.

## III. JURISDICTION AND VENUE

11. This Court has original jurisdiction of the Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

12. Venue is proper in this Court and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District.  28 U.S.C. § 1391(b)(2)

## IV. EXHAUSTION OF ADMINITRATIVE REMEDIES

13. Plaintiff is not required to exhaust Administrative Remedies to file a claim under the Equal Pay Act for discrimination based on sex.

## V. FACTUAL ALLEGATIONS

14. At all times material to this action, Plaintiff was employed by Scotty's to operate machinery for paving jobs.

15. Defendants paid Plaintiff less than male employees for equal work, the performance of which required equal skill, effort, and responsibility, and which was performed under similar working conditions.

16. Plaintiff was paid less for her job as an equipment operator than male employees who were also equipment operators.

17. Plaintiff was offered less work and fewer overtime hours than male employees, while she had similar or greater experience, training, responsibilities and credentials than her male counterparts.

18. Plaintiff's work as an equipment operator was substantially equal to males who worked as equipment operators.

19. Plaintiff was regularly denied raises and overtime opportunities that her male counterparts received.

20. Plaintiff and other female employees were treated less favorably than male employees.

21. In the off-season, some employees were offered occasional work and even overtime opportunities. Male employees who had equal or less seniority, were subject to equal or more disciplinary action, and who had equal or less training were offered more work and more overtime opportunities than the Plaintiff.

23. The Plaintiff was unlawfully discriminated against solely because she was a woman. This is in violation of the Equal Pay Act of 1963.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Sex-Based Pay Discrimination in Violation of
Equal Pay Act, 29 U.S.C. § 206(d)(1)

24. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 23, above.

25.  Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate… between employees on the basis of sex by paying wages to employees… at a rate les than the rate at which he pays to employees of the opposite sex…for equal work on the jobs the performance of which requires equal skill, efforts, and responsibility and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

26. Defendants have employed Plaintiff and male employees in jobs as equipment operators, requiring substantially equal skill, effort and responsibility.

27. Plaintiff and male employees performed their jobs under similar working conditions

28. Plaintiff was paid a lower wage than the male employees doing substantially equal work

29. Such differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by the quantity or quality of work, nor was the difference in pay the result of any factor other than sex

30. Defendants caused, contributed to, or caused the continuation of wage discrimination based on sex in violation of the Equal Pay Act of 1963.

31. As a direct, legal and proximate cause of the discrimination, Plaintiff has sustained and will continue to sustain, economic damages to be proven at trial.  As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial.  Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## INJUNCTIVE RELIEF ALLEGATIONS

32. No plain, adequate, or complete remedy at law is available to the Plaintiff to redress the wrongs addressed herein.

33. If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

1. For a declaration that the Defendant's actions, policies and practices as alleged herein are unlawful.

2. For job opportunities, work opportunities, overtime opportunities, commensurate with her seniority, certifications and skill-set.

3. For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in an amount to be proven at trial.

4. For compensatory damages for Plaintiff's emotional pain and suffering in an amount to be proven at trial.

5. For punitive damages in an amount to be determined at trial.

6. For liquidated damages

7. For interest on lost wages, compensation, and damages, including pre-judgment and post-judgement interest and an upward adjustment for inflation.

8. For an order enjoining Defendants form engaging in the unlawful acts complained of herein

9. For reasonable attorneys' fees and costs of suit pursuant to the Equal Pay Act of 1963 and other laws

10. For such other and further relief as this Court deems just and proper

## VERIFICATION

I, Cynthia West, the undersigned Plaintiff have reviewed the forgoing complaint and swear that all the averments therein are true and correct to the best of memory, knowledge and belief.

Cynthia Lynn West

## ACKNOWLEDGEMENT

STATE OF KENTUCKY          )

                           ) ss:

COUNTY OF _Hardn_          )

On this __4__ day of December, 2019, before me _____ a notary public for the Commonwealth of Kentucky, the Complainant herein, after reviewing the forgoing, and being placed under oath, subscribed her name above and indicating that the forgoing was true and correct to the best of her memory, knowledge and belief.

   IN WITNESS WHEREOF, I hereunto set my official signature and affixed my notarial seal the date and year last above written.

_____

Notary Public

Dated:  12/8/2019                    Respectfully Submitted,


_____

Hollyn Richardson
Richardson & Associates
Law Group, PLLC
2520 Bardstown Rd., Ste 7
Louisville, KY  40205
(502) 333.0617


By: _____